Robert Hoffman, D.C. President, Arkansas State Board of Chiropractic Examiners 501 Woodlane, Suite 136 Little Rock, AR 72201
Dear Dr. Hoffman:
This is in response to your request, submitted by Gaylon E. Carter on behalf of the Board of Chiropractic Examiners, for an opinion on the following questions:
 1. Whether the Arkansas Physical Therapy Act, A.C.A. § 17-92-102, authorizes licensed physical therapists to manually adjust or manipulate the spine as a method of treatment of their patients?
 2. Whether the Arkansas Chiropractic Act, A.C.A. § 17-81-102, 17-81-302, [or] 17-81-303, limits the manual adjustment or manipulation of the spine to persons holding valid licenses issued by the Arkansas Board of Chiropractic Examiners?
 3. If only doctors of chiropractic may lawfully manipulate or adjust the spine, then would physical therapists who manually adjust or manipulate the spine be subject to the penalties imposed by A.C.A. § 17-81-303?
It is my opinion that the answer to your first question is "no." Licensed physical therapists are not authorized to manually adjust or manipulate the spine as a method of treating their patients.[1]
With regard to this issue, A.C.A. § 17-81-303(d) (Repl. 1992) states:
 (1) It is unlawful for any person other than a physician licensed to practice chiropractic under the provisions of the Arkansas Chiropractic Practices Act, § 17-81-101 et seq., or a physician licensed to practice medicine under the Arkansas Medical Practices Act, § 17-93-201 et seq., to perform
spinal mobilizations, spinal adjustments, or spinal manipulations as those terms are defined in § 17-81-102(5).
 (2) Nothing contained in this subsection shall be construed to limit or restrict the authority of a licensed physical therapist to practice physical therapy as defined in § 17-92-102(1). [Emphasis added.]
Section 17-81-102(5) (Repl. 1992) defines "spinal manipulation" and "adjustment" as follows:
 `Spinal manipulation' and `adjustment' mean the skillful or dexterous treatment whereby a corrective force or passive movement of the joint is made to realign vertebrae or articulations to their normal juxtaposition
While Section 17-81-303(d)(2) does indicate that the legislature did not intend to restrict physical therapists from practicing "physical therapy," as can be seen from the following definition, that term does not include "spinal manipulation" or "adjustment." Section 17-92-102(1) (Repl. 1992) defines "physical therapy" as follows:
 `Physical therapy' means the treatment of a human being by the use of exercise, massage, heat or cold, air, light, water, electricity, or sound for the purpose of correcting or alleviating any physical or mental condition, or preventing the development of any physical or mental disability, or the performance of tests of neuromuscular function as an aid to the diagnosis or treatment of any human condition. . . .
Thus, it is my opinion that the legislative definition of physical therapy precludes the adjustment or manipulation of the spine by physical therapists.
It is my opinion that the answer to your second question is "yes." Adjustment or manipulation of the spine is limited to those holding valid licenses issued by the Arkansas Board of Chiropractic Examiners.
Arkansas Code Annotated § 17-81-301 (Repl. 1992) states in pertinent part that "any person practicing or offering to practice chiropractic in the state for compensation shall be required to submit evidence that he or she is qualified to practice and shall be licensed as provided in this chapter." "Practice of chiropractic" is defined at Section 17-81-102(3)(A) (Repl. 1992) as follows:
 [T]he engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complementary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations,
and spinal mobilizations, such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrae or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purpose of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery. [Emphasis added.]
Section 17-81-303(a)(1) (Repl. 1992) states that it shall be unlawful for any person not licensed by the Arkansas State Board of Chiropractic Examiners to practice or offer to practice chiropractic. Section 17-81-303(d)(1) (Repl. 1992) also states that it is unlawful for any person other than a physician licensed to practice chiropractic or a physician licensed to practice medicine to perform spinal adjustments or spinal manipulations.
While Section 17-81-302 (Repl. 1992) states that certain acts, including "the practice of physical therapy . . . as defined by the laws of this state" do not require a license, it is my opinion, as noted above, that the definition of physical therapy does not encompass spinal adjustments or manipulations.
It is therefore my opinion that as long as a person is strictly "practicing physical therapy" as defined in Section 17-92-102(1), a chiropractic license is not required. However, where a person performs "spinal adjustments or manipulations" he must be licensed by the state Board of Chiropractic Examiners.
It is my opinion, in response to your third question, that physical therapists who engage in adjusting or manipulating the spine in violation of A.C.A. §§ 17-81-301—303 (Repl. 1992) may be subject to the penalties in Section 17-81-303.
Section 17-81-303(b) clearly states that any person who shall attempt to practice chiropractic without having first been licensed or otherwise permitted under the provisions of this chapter to do so, shall be deemed guilty of a misdemeanor and punished by a fine of not less than one thousand dollars nor more than five thousand dollars, or by imprisonment in the county jail for a period of not less than one month nor more than eleven months, or both. Subsection (d)(3) sets out a separate penalty provision for violations. While Section 17-81-302(3) (Repl. 1992) does not require a chiropractic license for physical therapists to practice physical therapy, the section evidences an intention not to "enlarge or alter the privileges and practices of [physical therapists]." Id. Thus, if a person's activities are outside those exempted from the licensing requirement in Section17-81-302, he may be subject to the penalty provisions of Section17-81-303. It is my opinion that a physical therapist who engages in spinal manipulations or adjustments is "practicing chiropractic," as defined in Section 17-81-102(3)(A), and not "physical therapy," as defined in Section 17-92-102(1). He is thus required to be licensed by the Board of Chiropractic Examiners. A.C.A. §§ 17-81-202(a)(1) and (d)(1) (Repl. 1992). A physical therapist who manipulates or adjusts the spine without a chiropractic license is subject to the penalty provisions of A.C.A. § 17-81-303.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] This response is premised on the assumption that there is no dispute that the physical therapist in question is in fact "practicing chiropractic" via spinal manipulations or adjustments. See A.C.A. § 17-81-102(5) (Repl. 1992).